## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| JACKIE WADDLE, individually, and on behalf of all others similarly situated, | * * * | Collective Action |
| Plaintiff, | * * | No._____ |
| v. | * * | |
| UNUM GROUP a/k/a UNUM GROUP CORPORATION, | * * * | |
| Defendant. | * | |

## **COMPLAINT**

Comes Plaintiff, by and through counsel, and sues the Defendant as follows:

1. Plaintiff is a citizen and resident of Hamilton County, Tennessee.

2. Defendant is Unum Group, a corporation organized under the laws of Delaware. In Tennessee, it is registered with the Tennessee Secretary of State as "Unum Group Corporation." Upon information and belief, Unum Group and Unum Group Corporation are different names for the same corporation. At all times material, the Defendant was an employer subject to the provisions of the Fair Labor Standards Act and the Americans with Disabilities Act, as amended.

3. This is a claim for unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. Plaintiff is bringing this claim on behalf of herself and on behalf of all other similarly-situated Unum employees employed within the three-year period prior to filing this Complaint. Jurisdiction over this claim exists by virtue of the provisions of 28 U.S.C. 1331 and 1337.

1

72454

4. Plaintiff also sues Defendant for its violations of the Americans with Disabilities Act, 42 U.S.C. 12101, *et seq*. Jurisdiction over that claim exists by virtue of the provisions of 28 U.S.C. 1331 and 1343.

5. Until recently, Plaintiff was employed by Defendant in a position known as "client specialist." Like many other of Defendant's employees in various locations in the United States in that same position, Plaintiff performed her job duties from her home.

6. The job duties of a client specialist consisted mostly of fielding questions from sales offices and referring the customer or employee asking the question to the appropriate personnel within Defendant's organization to obtain the correct answer or resolution.

7. Plaintiff was frequently required to work more than 40 hours in a work week. However, the Defendant did not compensate Plaintiff for such hours as required by the Fair Labor Standards Act. Rather, Defendant had and still has a practice of failing and refusing to pay its client specialists overtime compensation as required by the Fair Labor Standards Act. Defendant's violations of this statute were and are willful.

## COUNT I

8. Plaintiff and all other client specialists employed by Defendant in the homes of those employees and, in many cases, at offices maintained by Defendant in Chattanooga, Tennessee, Portland, Maine, and elsewhere have frequently worked hours in excess of 40 hours in many work weeks without required overtime compensation.

9. Defendant is liable for unpaid overtime compensation, together with an equal amount as liquidated damages.

## COUNT II

10. Defendant has been unjustly enriched as the result of its failure to properly compensate Plaintiff and all other similarly-situated employees for all hours worked by them. Defendant is liable to Plaintiff and all similarly-situated employees for compensation based upon contract rate.

## COUNT III

11. Like many other employees in the client specialist position, Plaintiff has worked from her home for a number of years.

12. Because of a disability, the nature of which is known to Defendant, Plaintiff had to work from her home.

13. In 2015, Plaintiff was reassigned to a different supervisor. This supervisor insisted on Plaintiff working from the Defendant's headquarters in Chattanooga. Defendant ordered Plaintiff to cease working from home and to commence working in Defendant's offices in Chattanooga.

14. Plaintiff requested a reasonable accommodation, *i.e.*, permission to continue working from home.

15. Plaintiff supplied Defendant with a letter from her physician explaining the necessity for Plaintiff to work from home.

16. Defendant refused to grant this reasonable accommodation.

17. Plaintiff repeatedly asked Defendant to engage in an interactive process, *i.e.*, a conversation to resolve the accommodation issue. However, the defendant steadfastly refused to engage in such a process.

18. Plaintiff was unable to safely work from Defendant's office in Chattanooga.

72454

19. Plaintiff could successfully perform all of the duties of her job from her home, just as many other employees performing the same job have done and are currently doing.

20. Defendant unlawfully terminated Plaintiff's employment on account of her disability, in retaliation for her seeking a reasonable accommodation, and/or in retaliation for her asking for an interactive process to resolve the accommodation issue.

21. Plaintiff has filed charges under the Americans with Disabilities Act with the Equal Employment Opportunity Commission, being case number 494-2017-00868. At this point, a notice of right-to-sue has not been issued.

**RELIEF SOUGHT**

Plaintiff respectfully prays for the following relief:

A. An order staying proceeding under Count III until the EEOC issues a notice of right-to-sue;

B. A judgment in an amount equal to all unpaid overtime compensation to which the Plaintiff is found entitled, together with an equal amount as liquidated damages;

C. Judgment for an amount to compensate Plaintiff for all hours worked and not properly paid to compensate Plaintiff for Defendant's unjust enrichment at Plaintiff's expense;

D. Upon Motion, an Order certifying this case as a Collective Action, giving notice to all similarly situated-employees and allowing them the opportunity to opt in to this litigation;

E. After a separate trial limited to Plaintiff, a judgment granting Plaintiff back pay, damages for humiliation and embarrassment, an order of reinstatement or front pay in lieu thereof, together with such other relief to which Plaintiff may be found entitled under the Americans with Disabilities Act; and

72454

F.  Attorney's fees and costs of litigation under the Fair Labor Standards Act and the Americans with Disabilities Act.

>Respectfully submitted,
>
>BURNETTE, DOBSON & PINCHAK
>
>By: _____s/ *Frank P. Pinchak*_____
>Frank P. Pinchak, BPR# 002094
>Donna J. Mikel, BPR# 020777
>Attorneys for Plaintiff
>711 Cherry Street
>Chattanooga, TN 37402
>Phone: (423) 266-2121
>Fax: (423) 266-3324
>fpinchak@bdplawfirm.com
>dmikel@bdplawfirm.com